# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

SAMUEL DEARING *vs.* DANIEL D. MERRILL.

June 4, 1889.

Evidence *held* sufficient to sustain the findings of the trial court.

Plaintiff brought this action in the district court for Ramsey county, alleging that a purchase by defendant of certain lots was made in trust for plaintiff, and praying that he be decreed to convey them to plaintiff on being repaid the purchase-money paid by him. The action was tried by *Brill, J.,* who ordered judgment for defendant. The plaintiff appeals from an order refusing a new trial.

*J. B. & W. H. Sanborn,* for appellant.

*Williams & Goodenow,* for respondent.

MITCHELL, J. Upon the trial of this action the sole question at issue was whether, in a settlement made between the parties on September 30, 1885, it was a part of their parol agreement that defendant should procure for plaintiff, as cheaply as he could, the interest of one Lord in certain lots, and cause the same to be deeded to plaintiff upon payment of what it cost. The only direct and positive evidence upon the question was that of the parties themselves, who flatly

v.41M.—1

contradicted each other.   Certain evidence, mostly circumstantial, was introduced, tending to corroborate the version of the plaintiff. On the other hand, there was some important circumstantial evidence tending to corroborate the testimony of defendant.   For example, when the agreement was made the parties executed a written memorandum, (Exhibit I,) which, conceding it to be insufficient under the statute of frauds, is important as a piece of evidence.   It assumes to state the terms of a contract between the parties, and, while mentioning all those matters which defendant says were included in their agreement, is significantly silent upon the matter of the Lord lots.   It is at least remarkable that two business men should proceed to draw up a written memorandum of their contract, and entirely omit all mention of so important a part of it.   Again, it is conceded that all the terms of the agreement mentioned in the written memorandum were fully executed on October 24th by the exchange of deeds and the payment by plaintiff of the entire sum of $9,000 cash, without his obtaining from the defendant a word in writing in regard to the "Lord" lots.   The significant fact also appears in evidence that when plaintiff first made a claim on these lots, (at the interview in California,) he put it, not upon the ground now asserted, that defendant had agreed to buy them for him, but upon the ground that they were covered and carried by defendant's quitclaim deed to him, executed in October, of all interest in the addition in which these lots were situated.   Other circumstances, more or less corroborative of defendant's testimony, might be mentioned, but these suffice to show that there was abundant evidence reasonably tending to support the findings of the trial court, and therefore, under the rule repeatedly announced, this court cannot interfere.

Order affirmed.